ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X
                                       :
UNITED STATES OF AMERICA               :
                                       :
     - v. -                            :    **SEALED INDICTMENT**
                                       :
ALEXANDER MELO,                        :    19 CRIM 818
JAVIER JANIEL,                         :
FRANMY LUNA, and                       :
JUAN PERALTA                           :
                                       :
                    Defendants.        :
                                       :
- - - - - - - - - - - - - - - - - - - X


## COUNT ONE

The Grand Jury charges:

1.     From at least in or about April 2019, up to and
including in or November 2019, in the Southern District of New
York and elsewhere, ALEXANDER MELO, JAVIER JANIEL, FRANMY LUNA,
and JUAN PERALTA, the defendants, and others known and unknown,
intentionally and knowingly did combine, conspire, confederate,
and agree together and with each other to violate the narcotics
laws of the United States.

2.     It was a part and an object of the conspiracy
that ALEXANDER MELO, JAVIER JANIEL, FRANMY LUNA, and JUAN
PERALTA, the defendants, and others known and unknown, would and
did distribute and possess with intent to distribute controlled
substances, in violation of Title 21, United States Code,
Section 841(a)(1).

3.     The controlled substances that ALEXANDER MELO,
JAVIER JANIEL, FRANMY LUNA, and JUAN PERALTA, the defendants,
conspired to distribute and possess with intent to distribute
were: (i) 280 grams and more of mixtures and substances
containing a detectable amount of cocaine base, in form commonly
known as "crack cocaine," in violation of Title 21, United
States Code, Section 841(b)(1)(A); and (ii) mixtures and
substances containing a detectable amount of cocaine, in
violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

4.     On or about October 9, 2019, in the Southern
District of New York, ALEXANDER MELO, the defendant, after
having been convicted in a court of a crime punishable by
imprisonment for a term exceeding one year, and having had three
convictions for three serious drug offenses, all of which were
committed on occasions different from one another, namely, (i) a
conviction on or about December 6, 2018, in the United States
District Court for the Southern District of New York, for
conspiracy to distribute crack cocaine, a felony; (ii) a
conviction on or about March 23, 2016 in Westchester County
Court, for attempted criminal possession of a controlled
substance in the third-degree with intent to sell, a class C

2

felony; and (iii) a conviction on or about July 9, 2013, in New York County Supreme Court, for possession of a controlled substance in the third degree with intent to sell, a class B felony; knowingly did possess in and affecting interstate commerce a firearm, to wit, a Mossberg shotgun, which had previously been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(g)(1) and 924(e).)

## FORFEITURE ALLEGATIONS

5.   As a result of committing the offense charged in Count One of this Indictment, ALEXANDER MELO, JAVIER JANIEL, FRANMY LUNA, and JUAN PERALTA, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

3

## Substitute Assets Provision

6.    If any of the property described above as subject to forfeiture, as a result of any act or omission of the above-named defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21 United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

Foreperson

GEOFFREY S. BERMAN
United States Attorney

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ALEXANDER MELO,
JAVIER JANIEL,
FRANMY LUNA, and
JUAN PERALTA,

Defendants.

## SEALED INDICTMENT

19 Cr.

(Title 21, United States Code, Section
846; Title 18, United States Code,
Sections 922(g)(1) and 924(e).)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

Foreperson.

11/14/19   SEALED INDICTMENT FILED
W/ ARREST WARRANTS
KH PARKER
USMJ