

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 15, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:**   *United States v. Juan Peralta*, **19 Cr. 818 (PGG)**

Dear Judge Gardephe:

      The Government respectfully submits this opposition to the bail application of defendant Juan Peralta. (Dkt. No. 46.) For the reasons set forth below, and consistent with the recommendation of Pretrial Services at the outset of the case, the motion should be denied and the defendant should remain detained pending trial.[1]

**I. Background**

      Since April 2019, the Federal Bureau of Investigation and the New York City Police Department have been investigating a crew that sells narcotics in the vicinity of Thayer Street in northern Manhattan, including the defendant Juan Peralta. The evidence from the investigation showed that Juan Peralta worked for his co-defendant, Javier Janiel, selling crack cocaine to end users. As part of the investigation, law enforcement conducted more than 30 controlled purchases of crack cocaine from Janiel, and five controlled purchases of crack cocaine from Peralta. These controlled purchases were both audio and video recorded, and Peralta is readily identifiable in the videos selling crack cocaine to undercover NYPD Officers. In November 2019, Peralta and his co-conspirators were charged by indictment with participating in a conspiracy to distribute 280 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A), and quantities of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). Peralta was arrested on November 20, 2019 and detained on consent. He is currently housed at the Metropolitan Correctional Center.

**II. Applicable Law**

      Pursuant to 18 U.S.C. § 3142(e), the Court must order detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the

---

[1] The Government consents to the Court deciding the defendant's motion for bail on the papers.

safety of any other person and the community." In making this assessment, courts look to the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense involves . . . a controlled substance . . .;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person . . .; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Because Peralta is charged with violating 21 U.S.C. § 841(b)(1)(A), 18 U.S.C. § 3142(e)(3)(A) applies. Under § 3142(e)(3), the Court presumes that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. The defendant bears the burden of producing evidence to rebut that presumption. *United States* v. *Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). If the defendant satisfies that initial burden, the presumption does not vanish; instead, it "remains a factor to be considered among those weighed by the district court." *Id.* at 436. "At all times, however, the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community, and by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *United States* v. *English*, 629 F.3d 311, 319 (2d Cir. 2011) (quotations and citation omitted).

Separately, a defendant who has been ordered detained pretrial can be temporarily released under 18 U.S.C. § 3142(i) if he demonstrates that "such release [is] necessary for preparation of the person's defense or for another compelling reason."

### III. Discussion

Peralta's application for bail should be denied and he should be ordered detained under both § 3142(e), because there is no condition or combination of conditions of release that will reasonably assure the safety of the community and his presence in Court, and under § 3142(i), because he has failed to demonstrate a "compelling reason" necessitating release.

#### A. Peralta Should Be Detained Under § 3142(e)

Detention is warranted under § 3142(e) because each of the § 3142(g) factors favors detention and, relatedly, because Peralta has failed to rebut the presumption in favor of detention.

##### 1. Nature and Circumstances of the Offense

Peralta is charged with participating in a narcotics conspiracy responsible for moving significant quantities of crack cocaine, triggering not only the § 3142(e)(3)(A) presumption, but also the controlled substance provision of § 3142(g)(1). He faces a mandatory minimum term of

imprisonment of 10 years and a maximum term of life, far more serious penalties than he has faced as the result of previous state charges.[2]

### 2. Weight of the Evidence

The evidence against Peralta is overwhelming because, as detailed above, all of the buys were video and audio recorded. During the course of the investigation, law enforcement purchased narcotics from Peralta on five occasions. Two screenshots from undercover buys of crack cocaine from Peralta are copied directly below

**July 2, 2019**



---

[2] Even if the charges were reduced, under 21 U.S.C. § 841(b)(1)(C) Peralta would still be facing up to 20 years' imprisonment, and both the presumption under § 3142(e)(3)(A) and the controlled substance provision of § 3142(g)(1) would still apply.

**July 27, 2019**



Peralta was actually with Janiel during several of the undercover buys of crack cocaine in front of Janiel's apartment building at 2 Thayer Street. In his motion for bail, Peralta does not address the weight of the evidence, but only states that he had a minor role in the conspiracy. While it is true that Peralta worked for Janiel, that fact does nothing to change the weight of the evidence against Peralta, which clearly chows that Peralta engaged in the charged narcotics conspiracy.

3. **History and Characteristics of the Defendant**

Peralta is 26 years old. He reported to Pretrial Services that he has never had a job. Prior to his arrest in this case, Peralta has had numerous contacts with the criminal justice system, none of which deterred him from the instant conduct. Perhaps most troubling for the instant bail application, Peralta was actually on pretrial release for a serious felony charge (criminal possession of a firearm) when the crack conspiracy charged in this case occurred. As reflected in the Pretrial Services report, Peralta has numerous bench warrants over the past several years, and instead of learning from his past mistakes it appears that Peralta's criminal conduct is escalating. None of these facts weighs in favor of release.

Based on his record, there is simply no basis to believe that Peralta will comply with any conditions set by the Court, up to and including the most onerous conditions including home confinement. Moreover, the fact that Peralta engaged in the instant offense conduct while on pretrial release for another serious felony offense indicates that he has no regard for the criminal justice system and is not amenable to pretrial supervision. Actions speak louder than words, and Peralta's actions indicate that he would not comply with bail conditions. For all these reasons, the

Government concurs with the recommendation of Pretrial Services that there are no conditions or combination of conditions that would reasonably safeguard the community and assure Peralta's appearance in Court.

### 4. Danger to the Community and Risk of Flight

Each of the forgoing factors in turn demonstrates that Peralta poses a serious risk to the community and poses a risk of flight. He is charged with a serious offense: participating in a narcotics conspiracy that pumped over 280 grams of crack into his community. He engaged in this conduct while on pretrial release for a serious felony committed in Manhattan (criminal possession of a firearm). His criminal record indicates that he has learned nothing from his past mistakes, and if anything his criminal conduct is actually escalating.

The Government further notes that Peralta has offered nothing to rebut the presumption in favor of detention other than the generic statement that Peralta's "limited role in the charged conspiracy supports the view that he does not present a risk of flight or danger to the community such that no condition . . . " ECF No. 46 at 9. Peralta offers nothing to dispute the strong evidence of his participation in the charged conspiracy, nor explains how his past record with the criminal justice system – including violating the terms of his bail while the instant offense was committed – could give the court any comfort that Peralta will comply with conditions in this case. Releasing Peralta on bail puts his community in danger of continued narcotics sales and the related crime, including violent crime, that so often follows. It is very troubling that after being arrested with a firearm in Manhattan, showing that Peralta clearly has access to firearms, that Peralta immediately began selling dangerous drugs in the same community. The danger Peralta poses cannot be adequately addressed by home detention. As the Court is no doubt aware, narcotics conspiracies are now easily conducted over the phone. Without ever stepping foot outside of his apartment building, Peralta can be supplied with drugs and can conduct sales.

### B. Peralta Has Not Demonstrated That Release Is Necessary Under § 3142(i)

Peralta has no physical ailments that make him particularly susceptible to COVID-19, and he has failed to show that temporary release is necessary under § 3142(i).

As an initial matter, courts in this district have rejected bail arguments based only on the generalized danger of COVID-19. *See, e.g.*, *United States v. Marte*, 19 CR 795 (SHS); *United States v. Searles*, 19 Cr. 381 (GBD); *United States v. Vincent*, 20 Cr. 78 (AT); *United States v. Acosta*, 19 Cr. 848 (NRB). Indeed, in *United States v. Steward*, 20 CR 052 (DLC), the court rejected a COVID-19 argument made by a 62 year-old defendant detained at MCC who was charged with participating in a § 841(b)(1)(B) narcotics conspiracy, finding that the defendant's history of violating conditions of supervision combined with his having sold crack out of his home demonstrated that he was a danger to community, and concluding that even in light of COVID-19 there was no "compelling reason" for his release.

Likewise, courts have scrutinized medical rationales offered by defendants. *See, e.g.*, *United States v. Bradley*, 19 Cr. 632 (GBD) (denying bail application for inmate detained in MCC on controlled substances and firearm charges who had recently experienced a stroke and had high blood pressure); *United States v. Rivera*, 20 Cr. 006 (JSR) (denying bail application for inmate

detained in MCC on controlled substance charge who had a childhood history of asthma); *United States v. White*, 19 Cr. 536 (PKC) (denying bail application for inmate detained at Valhalla on controlled substance and Hobbs Act charges with history of whooping cough); *United States v. Alvarez*, 19 Cr. 622 (DLC) (denying bail application for inmate detained in MCC on controlled substances charges who had been diagnosed with Hepatitis B).

Here, Peralta provides no medical conditions that make him more susceptible to COVID-19. Accordingly, Peralta's health is not a "compelling reason" for his release. To the extent Peralta cites his Sixth Amendment right to counsel, including current limitations on in-person attorney visits at MCC, that too is not a basis for his release. As defense counsel indicated, Peralta has been offered a plea agreement by the Government. In light of the current circumstances, and the Government's communications with Mr. Sporn, the Government has not revoked the current plea offer. Moreover, no trial date has been set in this case. Accordingly, should Peralta reject the plea offer and proceed to trial, defense counsel and Peralta will have adequate time to prepare for trial in this straightforward narcotics case.

**IV. Conclusion**

For the forgoing reasons, Peralta's application for bail should be denied without a hearing, and he should be ordered detained.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

by: ___/s/_____
    Celia V. Cohen / Jacob Warren
    Assistant United States Attorneys
    (212) 637-2466 / 2264

cc:    Michael Sporn, Esq. (by ECF)